UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Leo McClam,   #3147, | ) | C/A No. 3:08-2026-TLW-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Reggie Flimming or Reginal Flimming, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## Introduction

The plaintiff, Leo McClam, proceeding *pro se*, brings this civil action concerning his conditions of confinement.[1] Plaintiff is civilly committed as a sexually violent predator ("SVP") to the South Carolina Department of Mental Health for treatment, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The plaintiff claims that the defendant improperly punished the plaintiff by taking away his "'smoke' fresh air break" without warning. Plaintiff seeks monetary damages and injunctive relief. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of

liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

The plaintiff is civilly confined at the Columbia Care Center, and the defendant apparently is employed as a staff member of that center. Compl. at p.2. The plaintiff is apparently in the Behavioral Disorders Treatment Program. *See McClam v. Chavez*, C/A No. 3:05-1795-TLW-JRM, 2006 WL 1663797 (D.S.C. 2006).

In the case *sub judice*, the plaintiff's entire statement of claim is the following:

(1) On May 21, 2008 the defendant caught me coming out of another patients room without permission.
(2) The defendant took my "smoke, fresh air break without warning me 1st.
(3) My two witnesses are pt. Jermaine Cane & CIA Ms. Lou Lou.
(4) I reported the incident to the ombudsman Investigator, Pigford, and he found the Investigation to be substantiated.

Compl. at p.3. The plaintiff seeks the following relief: a declaratory judgment that the defendant acted wrongfully; that the defendant pay $500 compensatory damages, $500 punitive damages, and $500 for neglect; that the defendant be fired from the Columbia Care Center; and that the defendant be prosecuted. Compl. at p.5. Giving liberal construction to the *pro se* pleading, this Court gleans from the complaint that the plaintiff attempts to bring some type of federal question claim pursuant to 42 U.S.C. § 1983 based upon unconstitutional conditions of confinement and/or deliberate indifference to the plaintiff's serious medical or other need and/or procedural due process.[2]

---

[2] "In the great run of pro se cases, the issues are faintly articulated and often only dimly perceived." *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

"Involuntarily committed mental patients retain a liberty interest in conditions of reasonable care and safety and in reasonably nonrestrictive confinement conditions." *See McClam v. Chavez*, C/A No. 3:05-1795-TLW-JRM, 2006 WL 1663797 (D.S.C. 2006), *citing Youngberg v. Romeo*, 457 U.S. 307, 324 (1982). "Due process requires that the conditions and duration of confinement under the SVP Act bear some reasonable relation to the purpose for which persons are committed." *Id.* Because plaintiff's custody status resembles that of a pre-trial detainee, the plaintiff's conditions of confinement are to be evaluated under the due process clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535, n. 16 (1979). Under this standard, the inquiry is whether any defendant has been deliberately indifferent to plaintiff's serious medical or other needs. *See Waybright v. Frederick Co., Md.,* No. 07-1289, at 11 (4th Cir. June 2, 2008) (noting that the deliberate indifference standard applies where an individual and the state have a special relationship which is all but synonymous with a custodial relationship). Moreover, the Constitution may be violated if a detainee is subjected to "punishment." *Block v. Rutherford*, 104 S.Ct. 3227, 3231 (1984).

Unfortunately for the plaintiff, a review of his complaint and applicable legal precedents reveal beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *Barefoot v. Polk*, No. 07-6628, 2007 WL 2046729 (4th Cir. July 13, 2007). The plaintiff alleges that the defendant, without giving a warning first, purposefully failed to give the plaintiff a "'smoke' fresh air break" on one occasion, May 21, 2008, as punishment for his being in another patient's room without permission. However, the plaintiff does not allege any serious medical need or other serious need that was deprived by the defendant's conduct. Even if it could be said that "'smoke' fresh air

4

breaks" are health related and that the plaintiff needed the fresh air break for his physical or mental health or that he needed a smoke break because he is addicted to cigarettes, the complaint alleges that this incident happened once and no injuries are alleged.  Therefore, the conditions of confinement constitutional claim cannot be proved.

As to whether the defendant's conduct rises to the level of "punishment" prohibited by the Constitution, this Court believes that a staff person's taking away the plaintiff's "'smoke' fresh air break" on one occasion as punishment for breaking a rule concerning patients' being in each others' rooms bears some reasonable relation to the purpose for which the plaintiff is committed.  *See Youngberg v. Romeo*, 457 U.S. 307, 323 (1982) (noting that in determining what is reasonable courts must be mindful to minimize interference with the internal operations of an institution for civilly committed individuals).  The plaintiff is being treated in the "Behavioral Disorders Treatment Program" and certainly a rule about patients being in other patients' rooms (which necessarily pertains to patients' behavior) must be enforced by the staff.  The defendant's conduct in taking away the plaintiff's break without warning cannot under any set of facts rise to the level of "punishment" which violates the Constitution.

For the plaintiff to prove a procedural due process violation, the plaintiff would first have to show that he had a liberty interest in the "'smoke' fresh air break."  However, the applicable law demonstrates that he possesses a liberty interest in reasonably safe conditions of confinement and reasonably nonrestrictive confinement conditions.  *Youngberg*, 457 U.S. at 324.  The "'smoke' fresh air break" at issue is not protected by the due process clause.  *See Beauchamp v. Sullivan*, 21 F.3d 789 (7th Cir. 1994) (noting that a prison could hardly be thought to violate the Constitution by restricting smoking); *Thiel v. Nelson*, 422 F.Supp.2d 1024, 1029 (W.D. Wis. 2006) (in a case

5

brought by civilly committed SVP persons, the court noted that "[i]n upholding smoking restrictions, courts have held that smoking is not a liberty interest protected by the due process clause.").

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

s/Joseph R. McCrorey
United States Magistrate Judge

June 20, 2008
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

7